CARMEN RODRÍGUEZ, Petitioner and Appellant, v. ALFREDO PAGÁN, Respondent and Appellee.

No. 9400. Argued April 9, 1947.—Decided May 19, 1947.

*Andrés Ruiz, Jr.*, for appellant. *Eudaldo Báez García* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Carmen Rodríguez and Alfredo Pagán litigate over the custody of Pedro Méndez Rodríguez, a minor. The petitioner alleges that this boy is a natural child of hers and of Leonardo Méndez and that the boy went to live with his father when he was two years old; that Leonardo Méndez, without her knowledge, delivered the boy to respondent Alfredo Pagán, under whose custody the boy has been for about five years; that Leonardo Méndez died and Alfredo Pagán detains the boy against his will, depriving him of his liberty, in the

ward of Leguísamo, Mayagüez, and refuses to deliver him to the petitioner, notwithstanding her demands therefor; that she is in a position to supply the needs of the minor, to send him to school and to provide him with due care and attention as well as any necessary medical assistance; that said boy is now barefooted, in a poor physical condition; that the respondent on several occasions has sent him to bring fire-wood from the woods, and has inflicted corporal punishment on him.

After the writ was issued, the respondent answered admitting certain facts, denying the essential averments of the complaint, setting up certain special defenses, and alleging new matter. After the case was tried, the district judge rendered an opinion and judgment denying the petition. The petitioner thereupon appealed, and in her brief she has assigned two errors, to wit:

"1. The lower court erred in deciding that it is better for the welfare of said minor to remain under the custody of respondent Alfredo Pagán.

"2. The lower court erred in deciding that respondent Alfredo Pagán is in a better position than the petitioner to supply the needs and safeguard the welfare of said minor."

Since both assignments are specially directed against the evidence, we think that they should be considered jointly and that, to that end, the evidence introduced by the parties must be examined. It may be summarized thus:

The minor Pedro Méndez Rodríguez is a natural child of the petitioner and of Leonardo Méndez, who died in 1945. The boy went to live with the respondent because, while living with the petitioner she permitted him to spend a few days with her aunt and while he was there Leonardo Méndez took the boy away from her and delivered him to the respondent. After Leonardo's death, she took steps to recover the boy but the respondent refused her demand. Whenever she went to see the minor she found him dirty, barefooted, with his

hair cropped, and dressed in sackcloth; on one occasion she found him suffering from hooping-cough, in rags, and on another he was carrying a bundle of firewood on his head. The petitioner is engaged in making gloves and needlework, and she earns from $25 to $30 weekly, although on cross-examination she stated that during the previous week she had earned only $12.24. Her house, situated in Vivaldi Street, Mayagüez, has two bedrooms, a living room, a dining room, a kitchen, two bathrooms, toilet, and another small room. She has lived in it for five years. The petitioner is unmarried and has no companion; she has two children by Leonardo Méndez and another one named Prisca Aldevoc, born out of a former marriage, who lives with her. The other child of Leonardo, who is a girl, lives with an aunt. She lived apart from Méndez since 1939 until his death, and the boy has been under the custody of the respondent for five years. She is in a position to keep the child clean and to send him to school. Her daughter Prisca is eleven years old and is in the fifth grade. She has no other person living in the house.

The evidence for the respondent showed that he is married and has two daughters born in lawful wedlock and an acknowledged natural daughter; that he is engaged in the manufacture of guava, mango, and mamey pastes, and usually earns about $15, 18, or $20 a week; that he lives in the ward of Leguísamo, at a distance of about 12 kilometers from the town of Mayagüez, and at about 2 kilometers from the nearest school; that the minor is in the third grade, and that in the school located in said ward no higher grade than that is taught. It further showed that he and his wife treat the child as their own, that it is not true that the latter goes to school barefooted and dirty, or that he is deprived of his liberty. The house where respondent lives with his wife, his two legitimate daughters and the minor, has two bedrooms, a living room, and a kitchen. His acknowledged

natural daughter does not live with them and he does not have to pay for the house he lives in, as it belongs to an uncle of his and he does not charge anything for it. The respondent is a nephew of the minor's father.

The minor himself testified that he is in the third grade, has never worn sackcloth, has never been sent to fetch firewood or water, sits at the table with his sisters, sleeps on a bed, and prefers to remain in the house of Alfredo Pagán and the latter's wife.

With this evidence before him, the district judge decided that the petition should be denied and he so ordered.

The weighing of the evidence is one thing and the legal effect thereof is another. Admitting as true the facts which the lower court held proven, and without disturbing its discretion in the weighing of the evidence, we can not subscribe to its view that those facts show that the welfare of the minor requires that he should continue under the care and custody of the respondent.

■■ In proceedings of this kind, the welfare of the child is the controlling consideration. *Fernández* v. *Martínez,* 59 P.R.R. 548; *Ríos* v. *Lafosse,* 59 P.R.R. 510; *Llopart* v. *Mesorana,* 49 P.R.R. 242; *Chardón* v. *District Court,* 45 P.R.R. 604; *Babá* v. *Rodríguez,* 36 P.R.R. 453; and *Chabert* v. *Sánchez,* 29 P.R.R. 225. The wishes that the minor may express are not paramount. Consulting them is a mere rule of procedure founded upon the duty of the court to exercise a wise circumspection and not upon any legal right of the minor to decide for himself and the court the question of custody. *Yon* v. *Gómez,* 14 P.R.R. 677, 693, and *Ex parte Chabert,* 30 P.R.R. 712, 714.

■ Is the welfare of the minor Pedro Rodríguez better safeguarded by leaving him with the respondent? We think not. The weekly earnings of the latter are more or less similar to those of the petitioner; but he has to support in his house his wife and his two daughters and doubtless must

contribute to the support of his acknowledged natural daughter, who does not live with him. The petitioner has only herself and her daughter Prisca Aldevoc to support. On the other hand, petitioner's house is larger than that of the respondent and only two persons live in it, whereas five persons live in Pagán's house. Besides, the minor has to walk 4 kilometers daily in going to and from school, and if he remains with the respondent, upon finishing the third grade he would not be able to continue in school unless the respondent should send him to a school teaching higher grades, in Mayagüez or some other town. The evidence fails to show that the respondent would be in a position to do this. The petitioner, however, lives in the city of Mayagüez, where there are elementary schools, high schools, and even a branch of the University of Puerto Rico. Although it is not decisive, we have also taken into account the fact that petitioner is the mother of the minor involved in the proceeding, while the defendant is only his cousin and ordinarily no one looks after a minor with greater care and love than his own mother. Taking all this into consideration, it is unquestionable that the welfare of the minor is better secured if we grant his custody to the petitioner herein.

The judgment appealed from should be reversed and the custody of the child awarded to the petitioner Carmen Rodríguez.